IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE AMY ST. EVE

MAGISTRATE JUDGE KEYS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) Civil Action No. 02C 6305 |
| v. | )<br>) COMPLAINT |
| UNITED PARCEL SERVICE, INC., | )<br>) JURY TRIAL DEMAND |
| Defendant. | )<br>)<br>) |

DOCKETED SEP 0 5 2002

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") to correct unlawful employment practices of United Parcel Service, Inc. ("Defendant" or "UPS") on the basis of disability and to provide appropriate relief to Chuck Thomas ("Thomas"). Defendant failed to reasonably accommodate Thomas when his development of Type 2 Diabetes rendered him unable to drive trucks requiring a Commercial Drivers License by not reassigning him to a position that did not require such a license.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices hereafter alleged to be unlawful were and are now being committed within the jurisdiction of the Northern District of Illinois.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission (the "Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, UPS has continuously been and is now a corporation doing business in the Northern District of Illinois, and has continuously had and does now have at least fifteen (15) employees.

5. At all relevant times, UPS has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, UPS has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

7. At all relevant times, Thomas was a qualified individual with a disability within the meaning of Section 101(8) of the ADA, 42 U.S.C. §12111(8).

## STATEMENT OF CLAIMS

8. More than thirty (30) days prior to the institution of this lawsuit, Thomas filed a

Charge with the Commission alleging a violation of Title I of the ADA by UPS. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least August 1998, UPS has engaged in and is continuing to engage in unlawful employment practices at its facilities in and around Chicago, Illinois, in violation of Title I of the ADA, 42 U.S.C. §12112(a), (b)(4), and (b)(5)(A). These practices include, but are not limited to:

(a) failing to reasonably accommodate Thomas by reassigning him to a position that did not require a Commercial Drivers License;

(b) failing to engage in an interactive process with Thomas to determine if an accommodation was available; and

(c) failing to make an individualized assessment of Thomas' medical condition in determining whether Thomas was disabled under the meaning of the ADA.

10. The effect of the practices complained of above has been to deprive Thomas of equal employment opportunities and otherwise adversely affect his status as an employee because of his status as a disabled person in violation of Title I of the ADA, 42 U.S.C. §12112.

11. The unlawful employment practices complained of above in Paragraphs 9 and 10 above were and are intentional.

12. The unlawful employment practices complained of above in Paragraphs 9 and 10 were and are done with malice and/or reckless indifference to the federally protected rights of Thomas.

**PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully prays that this Court:

A. Grant a permanent injunction enjoining UPS, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability;

B. Order UPS to institute and carry out policies, practices, and programs which eradicate the effects of its past and present unlawful employment practices;

C. Order UPS to make whole Thomas by providing appropriate back pay with pre-judgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including rightful-place reinstatement of Thomas;

D. Order Defendant to make whole Thomas by providing compensation for non-pecuniary losses, including emotional pain, suffering, loss of enjoyment of life and humiliation;

E. Order Defendant to pay Thomas punitive damages for its malicious and/or reckless conduct, in an amount to be determined at trial;

F. Order Defendant and its successors to reasonably accommodate disabled employees by reassignment when necessary;

G. Grant such further relief as the Court deems necessary and proper; and

H. Grant the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all issues of fact raised by its Complaint.

Respectfully submitted,

NICHOLAS M. INZEO
Acting Deputy General Counsel

GWENDOLYN YOUNG REAMS
Assistant General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

John C. Hendrickson
Regional Attorney

Gregory Gochanour
Supervisory Trial Attorney

Ethan M. M. Cohen
Trial Attorney

Ethan M. M. Cohen
A.R.D.C. No. 6206781
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
500 West Madison Street, Suite 2800
Chicago, Illinois 60661
(312) 353-7568

Civil Cover Sheet      h. www.ilnd.uscourts.gov/PUBLIC/Forms/auto_js44.c



# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

JUDGE AMY ST. EVE

## Civil Cover Sheet    MAGISTRATE JUDGE KEYS

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use **only** in the Northern District of Illinois.

**Plaintiff(s):** United States Equal Employment Opportunity Commission

County of Residence:

Plaintiff's Atty:    Ethan Cohen
EEOC
500 W. Madison, Suite 2800
(312) 353-7568

**Defendant(s):** United Parcel Service

County of Residence:

Defendant's Atty:

**DOCKET SEP 0 5 2**

**02C 6305**

II. Basis of Jurisdiction:    **1. U.S. Gov't Plaintiff**

III. Citizenship of Principal Parties **(Diversity Cases Only)**
     Plaintiff: - **N/A**
     Defendant: - **N/A**

IV. Origin:    **1. Original Proceeding**

V. Nature of Suit:    **442 Employment**

VI. Cause of Action:    **28 U.S.C. Sections 451, 1331, 1337, 1343 and 1345. Failure to accommodate in violation of the Americans with Disabilities Act.**

VII. Requested in Complaint
     Class Action: **No**
     Dollar Demand:
     Jury Demand: **Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

Signature: _[signature]_

Date: 7/4/02

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.**    Revised: 06/28/00

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

In the Matter of Equal Employment Opportunity Commission ("EEOC") v. United Parcel Service

JUDGE AMY ST. EVE

Case Number: 02C 6305

MAGISTRATE JUDGE KEYS

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Plaintiff, EEOC

DOCKETED
SEP 0 5 2002

| (A) | (B) |
|---|---|
| SIGNATURE [signed] | SIGNATURE [signed] |
| NAME John Hendrickson | NAME Gregory Gochanour |
| FIRM EEOC | FIRM EEOC |
| STREET ADDRESS 500 W. Madison, Suite 2800 | STREET ADDRESS 500 W. Madison, Suite 2800 |
| CITY/STATE/ZIP Chicago, IL 60661 | CITY/STATE/ZIP Chicago, IL 60661 |
| TELEPHONE NUMBER (312) 353-8551 | TELEPHONE NUMBER (312) 886-9124 |
| IDENTIFICATION NUMBER A.R.D.C. No. 01187589 | IDENTIFICATION NUMBER A.R.D.C. No. 06210804 |
| MEMBER OF TRIAL BAR? YES X NO ☐ | MEMBER OF TRIAL BAR? YES X NO ☐ |
| TRIAL ATTORNEY? YES X NO ☐ | TRIAL ATTORNEY? YES X NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE [signed] | SIGNATURE |
| NAME Ethan M. M. Cohen | NAME |
| FIRM EEOC | FIRM |
| STREET ADDRESS 500 W. Madison, Suite 2800 | STREET ADDRESS |
| CITY/STATE/ZIP Chicago, IL 60661 | CITY/STATE/ZIP |
| TELEPHONE NUMBER (312) 353-7568 | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER A.R.D.C. No. 06206781 | IDENTIFICATION NUMBER |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

1-3